In the Matter of the Arbitration of Certain Disputes Between **AAACON AUTO TRANSPORT, INC.** and **Fred R. Hicks, Jr.**, Petitioners,

and

**Sanford Robert EICHLER,** Respondent.

No. 74 Civ. 1352.

United States District Court,
E. D. New York.

March 7, 1975.

Supplemental Memorandum and Order April 4, 1975.

Zola & Zola, New York City, for petitioners.

John Y. Pearson, Jr., Norfolk, Va., for respondent.

## MEMORANDUM AND ORDER

PLATT, District Judge.

By Petition and Notice of Motion, petitioners seek an order pursuant to Title 9, USCA § 4, "directing respondent to arbitrate all claims against petitioners in the manner provided in the agreement between the parties * * * and enjoining and staying the respondent from proceeding with litigation heretofore commenced against petitioners, pending such arbitration."

### THE FACTS

On or about January 16, 1974, respondent filed a so-called "Motion for Judgment" (apparently the equivalent of a complaint) in the Circuit Court of the City of Norfolk, Virginia, against the petitioners herein "complaining that defendants (therein) falsely and fraudulently misrepresented material matters to induce the plaintiff (respondent) to enter into an agreement with AAACON AUTO TRANSPORT, INC. ("AAACON") to transport an automobile from Norfolk to Glendale, California." The defendants (petitioners herein) removed the action from the State Court to the U. S. District Court for the Eastern District of Virginia "on grounds that the claim was framed under the laws and statutes of the United States governing carriers in interstate commerce and that

exclusive jurisdiction was in the federal court", where it was scheduled to be tried on September 10, 1974.

Thereafter, the plaintiff (respondent herein) moved to remand the proceedings to the State Court and the defendants (petitioners herein) moved to stay the proceedings pending arbitration under the agreement to arbitrate referred to above.

In sustaining plaintiff's motion for remand the Federal District Court (MacKenzie, J.) set forth the following reasons for his decision:

"In light of the peculiar facts of this case, we are persuaded that *Kiewet, supra,* more nearly applies for a number of reasons.

"In the first place, in the case at bar the plaintiff has alleged fraud in the inducement and does not base his case on the Bill of Lading Agreement. In the second place, plaintiff has not called into play any federal statute or any state law or regulations to aid him in bringing this defendant, carrier, to bay, be it an initial carrier or the only carrier. Quite succinctly he has stated that he was defrauded both by the Transport Company and by Hicks through the representations they made to him about the nature of their business and the driver to be secured to drive his car across country. In the third place, Hicks, the individual, is a defendant, and properly so, under the plaintiff's theory. However, under the Carmack Amendment it is questionable whether he would be able to be made a party defendant since he is not a party to the contract, or bill of lading.

"Quite candidly plaintiff asserts that he purposely avoided the federal court and the federal statutes because in the event of non-delivery of the car, the plaintiff would be forced to arbitrate a settlement in New York City. A Norfolk plaintiff can understandably wish to avoid the expense and difficulties which would thus be incurred with forced arbitration in New York City even though he brings his suit in a federal court in Virginia. The Court thinks he has a right to make an election to proceed in some other manner if it is more appropriate to his purposes and if such a cause of action is available to him. Such an election seems apparent from the language of the Carmack Amendment itself, that 'nothing in this section shall deprive any holder or such receipt or bill of lading of any remedy or right of action which he has under existing law.' 49 U.S.C. § 20(11).

"The plaintiff has chosen to proceed on the false and fraudulent misrepresentations of the defendants. This is the more difficult course for him to take. One would certainly expect the defendants to deny such misrepresentations. The plaintiff's case, being couched entirely on such fraud, can only be sustained by proof of such fraud by a preponderance of evidence. The mere proof of non-delivery in California would not sustain the burden which the plaintiff has, by his pleadings, assumed.

"On the other hand, plaintiff, by invoking the bill of lading and 49 U.S. C. § 20(11) could rest his case after showing only delivery of the car to defendants in Norfolk and non-delivery of the car in California. Obviously, this would be the far easier route.

"In any event the choice is his.

"Since the evidence to sustain plaintiff's claim is far different in this common law misrepresentation suit than would be necessary under a Carmack Agreement action, the suit here cannot be said 'to arise' under the federal statutes."

### DISCUSSION

Respondent herein argues (i) that in such decision Judge MacKenzie concluded that the allegations in the Motion for Judgment were not subject to the U. S. Arbitration Act, Title 9 U.S.C.; (ii) that the Motion set forth a cause of action which did not arise under any federal

statute, but which sounded in common law tort and further (iii) that "the Federal Courts lack jurisdiction over the subject matter of the Motion for Judgment."

The first argument is incorrect and the latter two are correct.

Petitioners disagree as to the latter two and point to the following provision of the Bill of Lading Agreement between petitioner AAACON and the respondent which provides in pertinent part that:

"Any claim or controversy, whether founded in contract or tort, arising out of or relating to this agreement or performance or breach thereof shall be settled by arbitration in New York City."

Petitioners then argue in effect that while the claims of the respondent may not "arise out of" the Bill of Lading Agreement or the performance or breach thereof, they certainly are related thereto under the decisions of the United States Supreme Court in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), and the Second Circuit in Robert Lawrence Company v. Devonshire Fabrics, Inc., 271 F.2d 402 (1959).

These cases, however, were not concerned with the precise question posed here, namely, that of jurisdiction over an issue or claim of which a Federal Court has held that there was no subject matter jurisdiction. In these cases, jurisdiction was based upon diversity and the defendants moved to stay the court action pending arbitration based upon a similar broad arbitration clause in agreements between the parties. The Courts there merely held after in effect determining that subject matter jurisdiction was not in question, that the question of fraud in the inducement of a contract evidencing a transaction in interstate commerce was a matter to be resolved by the arbitrators under Title 9 USCA §§ 2, 3 and 4. They were not confronted with the question presented in the case at bar.

The difficulty with petitioners' position in this case is that the Federal District Court for the Eastern District of Virginia on a motion to remand has held that the Federal Court lacks jurisdiction of the subject matter of the claim set forth in the plaintiff's (respondent's) complaint in his "Motion for Judgment" in the Circuit Court of the City of Norfolk, Virginia, in that plaintiff's (respondent's) suit "cannot be said 'to arise' under the federal statutes" (i. e., the Carmack Amendment, 49 U.S.C. § 20(11)). That Court's "remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" 28 USCA § 1447(d). It is certainly not reviewable by or subject to collateral attack in this Court. Cf. Chandler v. O'Brien, 445 F.2d 1045 (10th Cir. 1971).

In essence, petitioners are requesting this Court to stay an action in a State Court as to which (from all that appears in the papers presently before this Court) it has been held that there is no subject matter jurisdiction.

Alternatively petitioners argue that this Court has jurisdiction over some of the issues between the parties and such being the case should assume jurisdiction over the Norfolk action under the doctrine of pendent jurisdiction and issue a stay on that basis.

Presumably this application for a stay is being made under 28 U.S.C. § 2283. (See AAACON Auto Transport, Inc. v. Janelee Bergmann, (74 C 436, (E.D.N.Y., 1974)). It would not appear to be sustainable under 9 U.S.C. § 3. (See Robert Lawrence Company, v. Devonshire Fabrics, Inc., 271 F.2d 402 at p. 408 (1959)).

Section 2283 of Title 28 provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The first and third exceptions contained in such Section do not appear to be applicable and, in view of the present status and nature of these proceedings, neither does the second exception.

Moreover, it should be borne in mind that petitioners' plight herein appears to be at least in part of their own making. Apparently in order to harass the plaintiff, delay these proceedings and obtain a "favorable forum", petitioners first attempted without success to remove the case from the State Court to the Federal District Court of the Eastern District of Virginia and thereafter, almost a year having lapsed after the commencement of the respondent's law suit, they finally brought their petition in this Court. Had they first sought relief here, the issue decided by Judge MacKenzie might have been viewed differently. Respondent argues, and this Court tends to agree, that petitioners' activities have not been consistent with the purposes of the Arbitration Act (9 USCA §§ 2–4). As stated by the Federal District Court for the Eastern District of Louisiana in Gulf Central Pipeline Company v. Motor Vessel Lake Placid, 315 F.Supp. 974 at p. 977 (1970):

> "It was never intended that (the Federal Arbitration Laws) should be used as a means of furthering and extending delays. The policy of the U. S. Arbitration Act is to eliminate the expense and delay of extended court proceedings preliminary to litigation . . . the Act was not intended to be used as an instrument to protract litigation or to make it more expensive."

The case apparently is ready for trial and, according to papers in support of an order to show cause seeking a stay submitted by the petitioners, the trial "is now scheduled to commence March 20, 1974." Under all of the circumstances, the interests of justice and comity require that the case proceed promptly to trial in the State Court and that petitioners' application for a stay be denied.

It is not entirely clear what additional issues, if any, beyond those posed in respondent's complaint in the State Court action may properly be submitted to arbitration pursuant to the arbitration provision in the bill of lading. In their petition, petitioners refer to "the failure of respondent Eichler to make proper payment of the tariff due and owing petitioners" and in one of their counsel's affidavits reference is made to "Aaacons claims against respondent Eichler for submitting a claim in violation of the Interstate Commerce Act" and there was also reference to an offset of insurance funds heretofore paid to the respondent. In any event, it would seem advisable to delineate such issues, if any, as may remain after the conclusion of the State Court litigation, set forth factual allegations in support thereof and refer all of the same at that time to arbitration.

So ordered.

### SUPPLEMENTAL MEMORANDUM AND ORDER

Petitioners have informally applied for a "clarification of the terms" of this Court's memorandum of decision and order dated March 6, 1975, in which their application for a stay of the trial of respondent's action against them presently scheduled to commence in the Circuit Court of the City of Norfolk, Virginia, on May 14, 1975, was denied.

In essence, in addition to their request for a stay, petitioners ask that this Court compel arbitration pursuant to 9 U.S.C. Section 4 of any claims or controversies arising out of or relating to the Bill of Lading Agreement between the parties or the performance or breach thereof in accordance with the provisions of such Bill of Lading.

As indicated in the last paragraph of this Court's original decision, it is not entirely clear what if any issues are in dispute between the parties apart from any fraud in the inducement issues which may be encompassed in whole or in part in the State court action. In their latest application petitioners point out that they have alleged in their petition and the respondent has admitted the

existence of a "dispute for tariff charges due" to the petitioners by the respondent. Such being the case, they are entitled to an order compelling arbitration as to the same.

Petitioners also argue that respondent in 1973, through his attorney, asserted two additional claims, viz:

"a) breach of the contract of Interstate Commerce by AAACON AUTO TRANSPORT, INC. and

"b) damages for loss of goods being transported by AAACON."

As heretofore indicated, it is not clear to the Court whether these two issues are still in dispute between the parties. If they are, petitioners are also entitled to an order of arbitration with respect to them. If they are not still in dispute, however, then they would not be entitled to such order. As also heretofore indicated, there may be one or more other "issues" not clearly evident to the Court from petitioners' petition herein which still may be in dispute between the parties. If there are, petitioners are entitled to an order compelling arbitration as to them.

With respect to the question of fraud in the inducement, petitioners seek an order directing that it too be referred to arbitration on the basis of Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed. 1270 (1967), and Robert Lawrence Company v. Devonshire Fabrics, Inc., 271 F.2d 402 (2 Cir., 1959), and presumably on the theory of pendent jurisdiction. Since under such authorities and theory this Court may be said to have concurrent jurisdiction with the Virginia State Court with respect to any such issue, petitioners are entitled to have this issue referred along with other issues to an arbitrator and the Court will so order. It will not, however, under such circumstances and in its discretion, enjoin the State Court proceedings. Moreover, it may well be that any arbitrator will deem it advisable to honor and respect any State Court decision on this issue and to defer any consideration thereof until the completion of any State Court proceedings in connection with the same, so that this whole process may be an exercise in futility as the Court has heretofore indicated.

As suggested in this Court's prior decision, in any event it would seem advisable for the petitioners to delineate the above issues and any additional issues beyond those indicated above as referrable to arbitration and set forth factual allegations in support thereof so that the arbitrator will have a clear picture of what he is being requested to arbitrate. If the parties disagree as to the existence of any such additional dispute or its arbitrability, they may, of course, return here for a further ruling.

Subject to the foregoing, the Court hereby grants the petitioners' motion to compel arbitration. If the parties cannot agree to an arbitrator within 30 days from the date of an order entered hereon they may apply to the Court for the appointment of an arbitrator. Similarly if after 30 days the parties are in disagreement as to what issues are still in dispute between them they may apply to this Court for a resolution of this question also.

Settle order on notice.